68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas L. FITZWATER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene Roland SMITH, Defendant-Appellant.
 Nos. 95-5260, 95-5268.
 United States Court of Appeals, Fourth Circuit.
 Submitted: September 21, 1995.
Decided: October 12, 1995.
 
 William E. Martin, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, NC; Thomas H. Johnson, Jr., Gray, Newell & Johnson, L.L.P., Greensboro, NC, for Appellants. Walter C. Holton, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before RUSSELL, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Between early May and late July 1994, Thomas L. Fitzwater and Eugene Roland Smith participated with Ronnie Jerald Feaster in a conspiracy involving cocaine and crack cocaine. Feaster provided powder cocaine to both Smith and Fitzwater, and Fitzwater on occasion cooked powder into crack for Feaster, who distributed it to Smith. Smith's wife, Tonya, was also drawn into the conspiracy. After Smith made a number of crack sales to an undercover detective, all four were arrested.
 
 
 2
 Fitzwater pled guilty to conspiracy to possess crack cocaine with intent to distribute. 21 U.S.C.A. Sec. 846 (West Supp.1995). Smith went to trial and was convicted of conspiracy and one count of possession of crack with intent to distribute. 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1995). Smith appeals his conviction and his 188-month sentence. Fitzwater appeals his 120-month sentence. Finding no error, we affirm.
 
 
 3
 First, Fitzwater contends that the district court erred in determining that guideline section 5C1.2* (the safety valve provision) did not
 
 
 4
 apply to him because he refused to identify the individuals to whom he distributed six ounces of powder cocaine which he received from Feaster. Section 5C1.2 permits the district court to impose a sentence below the statutory mandatory minimum if the defendant meets all five criteria set out in the guideline and in 18 U.S.C.A. Sec. 3553(f)(1)-(5) (West Supp.1995). The district court found that Fitzwater failed to comply with the fifth condition: that he provide to the government all the information he had concerning "the offense or offenses that were part of the same course of conduct or common scheme or plan. "
 
 
 5
 Fitzwater did not contest the district court's determination at sentencing. However, on appeal, he argues that his cocaine distributions were not part of the same course of conduct or common scheme or plan as the crack conspiracy to which he pled guilty. In support of this argument, he maintains that the six ounces of cocaine he distributed were not included as relevant conduct in determining his offense level. This contention is somewhat misleading. The six ounces of cocaine were not included in the probation officer's calculation. However, the district court determined at sentencing that the six ounces of cocaine Fitzwater admitted distributing were relevant conduct. The parties agreed that the inclusion of the six ounces of cocaine would not change Fitzwater's offense level.
 
 
 6
 Because Fitzwater did not object to the district court's finding that the six ounces of cocaine were relevant conduct, we review the issue only for plain error. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). The district court's determination that the cocaine distributions were part of the same course of conduct or common scheme or plan is reviewed under the test set out in United States v. Mullins, 971 F.2d 1138, 1144 (4th Cir.1992). Here, the necessary similarity, regularity, and temporal proximity between the uncharged conduct and the offense of conviction were present. Therefore, the district court did not plainly err in finding that the cocaine distributions were relevant conduct and that section 5C1.2 did not apply.
 
 
 7
 Smith contends that the district court erred in refusing to give a jury instruction on entrapment. We review its decision de novo. United States v. Osborne, 935 F.2d 32, 35 (4th Cir.1991). A defendant is entitled to an entrapment instruction if there is sufficient evidence for a reasonable jury to find the two elements of an entrapment defense: government inducement and lack of predisposition to commit the crime on the part of the defendant. Mathews v. United States, 485 U.S. 58, 62-63 (1988). Evidence that government agents merely provided the defendant with an opportunity to commit the offense is not sufficient. Id. at 66. Smith's wife testified that Smith and Feaster were engaged in selling crack months before Smith encountered the undercover officer. There was no evidence that Smith was in any way reluctant to sell crack to the officer. Because the evidence established Smith's predisposition and a lack of government inducement, the district court did not err in refusing to give the entrapment instruction.
 
 
 8
 Smith contends that because of the disparity between sentences for crack offenses and cocaine offenses, he was denied equal protection and due process under the Fifth Amendment and was subjected to cruel and unusual punishment under the Eighth Amendment. He acknowledges that we have rejected these contentions, see, e.g., United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir.1995); United States v. D'Anjou, 16 F.3d 604, 613-14 (4th Cir.), cert. denied, 62 U.S.L.W. 3861 (U.S.1994), but urges us to reconsider the issues in light of a possible amendment to the sentencing guidelines which would eliminate the heavier penalties for crack offenses under which he was sentenced. This we decline to do.
 
 
 9
 Finally, Smith contends that the district court clearly erred in finding that he had not accepted responsibility, USSG Sec. 3E1.1, and thus did not qualify for a reduction in sentence. The adjustment is not intended to apply to a defendant who denies his factual guilt and puts the government to its burden of proof at trial, as Smith did. His is not one of the rare cases in which the defendant may receive the adjustment because he goes to trial to preserve an issue unrelated to factual guilt. USSG Sec. 3E1.1, comment. (n.2). Thus, even though Smith actually admitted all his criminal conduct at trial and afterward, the district court's denial of the adjustment was not clearly erroneous.
 
 
 10
 We therefore affirm Smith's conviction and the sentences imposed on both Smith and Fitzwater. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1994)